UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATOSHA NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>T-MOBILE USA, INC., )<br>)<br>Defendant. ) | CIVIL ACTION<br>FILE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR EQUITABLE RELEIF AND DAMAGES

Plaintiff Latosha Neal ("Ms. Neal" or "Plaintiff") files this Complaint for Equitable Relief and Damages against T-Mobile USA, Inc. ("T-Mobile" or "Defendant") showing the Court as follows:

## INTRODUCTION

1. Ms. Neal was the victim of an armed robbery in which she was held at gunpoint at work. As a result of the armed robbery, Ms. Neal suffers from post-traumatic stress disorder, a disability under the ADAAA and a serious health condition under the FMLA. Ms. Neal took medical leave for treatment as an accommodation for her disability. As a reasonable accommodation for her disability, Ns. Neal's psychiatrist recommended that she be moved to a mall location rather than a stand-alone retail store. Rather than accommodate Ms.

Neal's disability or reinstate her to an equivalent position upon the expiration of her FMLA leave, T-Mobile terminated Ms. Neal in violation of both the ADAAA and the FMLA.

2. Ms. Neal brings this action against T-Mobile under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, because T-Mobile discriminated against her and failed to accommodate her in violation of the ADAAA and retaliated against her for using medical leave as a reasonable accommodation and requesting other accommodations so she could return to work. Ms. Neal also brings this action against T-Mobile under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. because T-Mobile interfered with her FMLA rights when it failed to reinstate her to employment upon expiration of her FMLA leave and retaliated against her by terminating her employment because she exercised her FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et seq.*, 29 U.S.C. § 2601 *et seq.*, 28 U.S.C. §§ 1331 and 1343(a)(4), and 28 U.S.C. §§ 2201 and 2202.

4. This Court is a proper venue for Ms. Neal's claims under 28 U.S.C. §

1391(b), because T-Mobile conducts business in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## PARTIES

5. Ms. Neal is a citizen of the United States and a resident of the State of Georgia. Ms. Neal submits herself to the jurisdiction of this Court.

6. Ms. Neal is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.* in that she had been continuously employed by T-Mobile for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

7. Ms. Neal is and, at all times relevant hereto, was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

8. Ms. Neal has an actual mental impairment, which substantially limits one or more of her major life activities, she has a record of impairment, and T-Mobile regarded her as having an impairment.

9. T-Mobile was aware of Ms. Neal's mental impairment.

10. Ms. Neal is, and at all relevant times was, capable of performing the essential functions of the position she held while employed by T-Mobile with or without an accommodation.

11. Ms. Neal is, and at all times relevant was, a qualified individual with a

disability within the meaning of 42 U.S.C. § 121111(8).

12. Defendant T-Mobile is a corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

13. T-Mobile is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

14. T-Mobile had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

15. T-Mobile is an employer as defined by the ADAAA.

16. T-Mobile is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADAAA and employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

17. T-Mobile USA, Inc. may be served with process via personal service upon its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## ADMINISTRATIVE PROCEEDINGS

18. Ms. Neal timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") – Charge No. 410-

2013-04751, and the charge encompasses all of the claims asserted in this Complaint.

19. Ms. Neal received a Notice of Right to Sue 90 days prior to filing this lawsuit, and she has fulfilled all administrative prerequisites to the prosecution of her claims in this Court.

## STATEMENT OF FACTS

20. Ms. Neal began employment with T-Mobile on September 5, 2002.

21. On October 8, 2012, Ms. Neal was employed as a Retail Sales Leader (Assistant Manager) at the Mount Zion T-Mobile Store, a stand-alone retail location.

22. On October 8, 2012, Ms. Neal was robbed at gunpoint while at work.

23. This was the second robbery Ms. Neal had suffered while employed by T-Mobile.

24. As a result of the armed robbery, Ms. Neal was diagnosed with post-traumatic stress disorder, a disability as defined by the ADAAA.

25. Ms. Neal suffers from a mental impairment that substantially limits her in major live activities and she has a record of such impairment.

26. Ms. Neal is able to perform the essential functions of her job with accommodations.

27. Ms. Neal took medical leave for treatment for her ADAAA-covered disability from October 2012 through January 2013.

28. On November 27, 2012, Ms. Neal attempted to engage in the interactive process with T-Mobile to identify an accommodation that would allow her to return to work.

29. Ms. Neal emailed Store Manager Jennifer Jackson, District Manager Carl Graden, and Human Resources Manager Georgia Vahoua and let them know that her doctor recommended that she be transferred from a stand-alone store to a mall location in which Ms. Neal could feel more secure to accommodate her disability.

30. T-Mobile did not respond to Ms. Neal's request.

31. On December 31, 2012, Ms. Neal again contacted Mr. Graden to tell him that she could return to work with an accommodation.

32. Mr. Graden told Ms. Neal he would get back to her but did not call her back.

33. On January 9, 2013, Ms. Neal again sent another email requesting to be returned to work with an accommodation.

34. On January 10, 2013, Ms. Neal had a conference call with Ms. Jackson and Mr. Graden in which they told her that T-Mobile would not

accommodate her disability.

37. Ms. Jackson and Mr. Graden gave Mr. Neal three options: (1) return to her old job at her old location; (2) transfer part-time to another store in the district; or (3) resign.

36. Ms. Neal told Ms. Jackson and Mr. Graden that she would return to her old job.

37. Ms. Jackson did not put Ms. Neal on the schedule for her old job, but on January 25, 2013, she texted Ms. Neal at midnight and told her to report to work at 10 a.m. the next day.

38. Ms. Neal reported to work as requested.

39. When Ms. Neal arrived at work that day, Ms. Jackson told her she had to call leave management.

40. Ms. Neal called leave management and leave management told Ms. Neal that it had not received her release to return to work, which was untrue.

41. Ms. Neal's doctor faxed her release to return to work on January 24, 2012.

42. Ms. Vahoua terminated Ms. Neal's employment even though her release was sent.

## COUNT I
## Violation of the ADAAA – Failure to Accommodate

43. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

44. Ms. Neal is, and at all times relevant hereto was, a qualified individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

45. Ms. Neal is a person with a disability inasmuch as she has a mental impairment causing substantial limitation in one or more major life activities.

46. At all times relevant hereto, Ms. Neal was able to perform the essential functions of her job with or without an accommodation.

47. At all times relevant hereto, T-Mobile has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

48. T-Mobile is an "employer" as defined by the ADAAA.

49. T-Mobile was aware of Ms. Neal's disability.

50. Ms. Neal notified T-Mobile of her condition and need for accommodation on November 27, 2012.

51. T-Mobile refused to accommodate and instead terminated Ms. Neal because of her disability and her use of medical leave and her need for accommodation.

52. T-Mobile's actions violate the ADAAA, which prohibits intentional discrimination on the basis of disability.

53. As a direct and proximate result of T-Mobile's intentional discrimination, Ms. Neal has suffered out-of-pocket losses and T-Mobile has deprived her of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

54. T-Mobile acted maliciously, willfully, wantonly, oppressively, and/or recklessly, toward Ms. Neal, authorizing a punitive damages award against T-Mobile.

55. Because of T-Mobile's violations of the ADAAA, Ms. Neal is entitled to an award of back pay and benefits, reinstatement or front pay, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other monetary and equitable relief available under the ADAAA and all federal statutes providing remedies for violations of the ADAAA.

**COUNT II**
**Violation of the ADAAA – Actual Disability**

56. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

57. At all times relevant hereto, T-Mobile has been subject to the

9

requirements of the ADAAA.

58. At all times relevant hereto, Ms. Neal was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1)(A).

59. At all times relevant hereto, Ms. Neal has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job with or without an accommodation.

60. At all times relevant hereto, T-Mobile regarded Ms. Neal as disabled under the ADAAA.

61. T-Mobile was aware of Ms. Neal's disability.

62. Ms. Neal was intentionally terminated because of her disability and in favor of a non-impaired, non-disabled person.

63. T-Mobile's action violated Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

64. T-Mobile's actions violate the ADAAA, which prohibits intentional discrimination on the basis of disability.

65. As a direct and proximate result of T-Mobile's intentional discrimination, Ms. Neal has suffered out-of-pocket losses and T-Mobile has deprived her of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits, emotional

distress, inconvenience, humiliation, damage to her career, and other indignities.

66. T-Mobile acted maliciously, willfully, wantonly, oppressively, and/or recklessly, toward Ms. Neal, authorizing a punitive damages award against T-Mobile.

67. Because of T-Mobile's violations of the ADAAA, Ms. Neal is entitled to an award of back pay and benefits, reinstatement or front pay, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other monetary and equitable relief available under the ADAAA and all federal statutes providing remedies for violations of the ADAAA.

## COUNT III
### Retaliation in Violation of the ADAAA

68. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

69. Ms. Neal is and, at all times relevant hereto, was a qualified individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

70. Ms. Neal is a person with a disability inasmuch as she has a mental impairment causing substantial limitation in one or more major life activities.

71. At all times relevant hereto, Ms. Neal was able to perform the essential functions of her job with or without an accommodation.

72. T-Mobile is an "employer" as defined by the ADAAA.

11

73. Ms. Neal engaged in protected activity on more than one occasion when she requested a reasonable accommodation for her disability so she could return to work.

74. Rather than accommodate Ms. Neal's disability, T-Mobile terminated her on January 25, 2013.

75. T-Mobile's actions violate the ADAAA, which prohibits retaliation for engaging in protected activity.

76. As a direct and proximate result of T-Mobile's intentional retaliation, Ms. Neal has suffered out-of-pocket losses and T-Mobile has deprived her of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

77. T-Mobile acted maliciously, willfully, wantonly, oppressively, and/or recklessly, toward Ms. Neal, authorizing a punitive damages award against T-Mobile.

78. Because of T-Mobile's violations of the ADAAA, Ms. Neal is entitled to an award of back pay and benefits, reinstatement or front pay, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate

damages, remedies, and other monetary and equitable relief available under the ADAAA and all federal statutes providing remedies for violations of the ADAAA.

## COUNT IV
## Interference in Violation of the FMLA

79. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

80. Ms. Neal was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

81. At the time of her termination, Ms. Neal was entitled to leave under the FMLA.

82. At the expiration of her FMLA leave, Ms. Neal was entitled to reinstatement to her position or an equivalent position.

83. Rather than reinstate Ms. Neal, T-Mobile terminated her employment.

84. By refusing to return Ms. Neal to work when her physician released her to return to work, and by refusing to place Ms. Neal in an equivalent position, T-Mobile interfered with Ms. Neal's rights under the FMLA.

85. T-Mobile's actions in interfering with Ms. Neal's federal right to FMLA leave were committed with reckless disregard for her right to take up to 12 work weeks of leave to care for her serious health condition in violation of the

FMLA, 29 U.S.C. § 2615(a)(1).

86. The effect of T-Mobile's actions has been to deprive Ms. Neal of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her right to leave under the FMLA.

87. As a result, Ms. Neal is entitled to both equitable and monetary relief for T-Mobile's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

88. Ms. Neal is also entitled to liquidated damages for T-Mobile's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT V
## Retaliation for Exercise of FMLA Rights

89. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

90. Ms. Neal was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

91. By refusing to return Ms. Neal to work when her physician released her to return to work, and by refusing to place Ms. Neal in an equivalent position,

T-Mobile retaliated against Ms. Neal for exercising her rights under the FMLA.

92. T-Mobile's actions in retaliation for Ms. Neal's exercise of her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment for exercising her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

93. The effect of T-Mobile's actions has been to deprive Ms. Neal of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

94. As a result, Ms. Neal is entitled to both equitable and monetary relief for T-Mobile's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

95. Ms. Neal is also entitled to liquidated damages for T-Mobile's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because T-Mobile's actions in failing to return her to work were willful violations of the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the

following relief:

    a.    a declaratory judgment that Defendant violated the ADAAA and the FMLA;

    b.    a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of the ADAAA and FMLA;

    c.    full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe benefits of employment, with prejudgment interest thereon;

    d.    reinstatement to Plaintiff's former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

    e.    compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

    f.    punitive damages against Defendant;

    g.    liquidated damages in an amount equal to Plaintiff's back pay and lost benefits;

    h.    attorneys' fees and costs; and

      i.      all other and further monetary and equitable relief as this Court deems just and proper.

Respectfully submitted this 22nd day of January, 2015.

                        <u>s/ Cheryl B. Legare</u>
                        Georgia Bar No. 038553
                        cblegare@buckleylawatl.com

THE BUCKLEY LAW FIRM, LLC
Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiff